*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1140**

State of Minnesota,
Respondent,

vs.

Anthony Cortez Gray,
Appellant.

**Filed September 15, 2014
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-12-25098

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

**UNPUBLISHED OPINION**

**SCHELLHAS**, Judge

Appellant requests resentencing or a new trial, arguing that the district court erred by dismissing a prospective juror for cause on the basis of race and ordering lifetime registration as a predatory offender. We affirm.

**FACTS**

Appellant Anthony Gray is obligated to register as a predatory offender due to his 2004 guilty plea to a charge of attempted fifth-degree criminal sexual conduct under Minn. Stat. §§ 609.17, .3451 (2002), amended from an original charge of attempted fourth-degree criminal sexual conduct under Minn. Stat. §§ 609.17, .345, subd. 1(c) (2002). In August 2012, respondent State of Minnesota charged Gray with failure to register as a predatory offender under Minn. Stat. § 243.166, subd. 5(a) (2010), and Gray proceeded to trial before a jury.

During voir dire, prospective juror B.P. indicated that he had concerns with police but could be impartial. When the prosecutor asked whether any of the prospective jurors had prior contact with police in some capacity other than a traffic stop, B.P. did not disclose prior police contacts that culminated in his admissions to possession of drug paraphernalia and giving false information to police. For reasons contained in a sealed portion of the record, the prosecutor moved to dismiss B.P. for cause.[1] Gray opposed the motion, and the district court denied the motion. When the prosecutor later renewed his

---

[1] The sealed portion of the transcript contains the reasons for both the prosecutor's motions and the court's rulings.

motion to strike B.P. for cause, the district court questioned B.P. about his past police contacts. In response to the court's questioning, B.P. disclosed his previous contact with police that involved a drug charge and also disclosed witnessing his father's contact with police. B.P. could not remember any other contacts with police. Upon further questioning by the prosecutor, B.P. acknowledged a 2008 adjudication for possession of drug paraphernalia and disclosed that he had been adjudicated delinquent in June 2009 for giving false information to police. He stated that he did not disclose his 2009 adjudication for giving false information to police because he "didn't remember." The district court then dismissed B.P. for cause.

The jury convicted Gray of failure to register as a predatory offender.

This appeal follows.

### D E C I S I O N

*Dismissal of B.P. for Cause*

On the basis of B.P.'s race, Gray asks this court to apply *Batson* to B.P.'s for-cause dismissal. In *State v. Bowers*, 482 N.W.2d 774, 776 (Minn. 1992), the supreme court noted that neither the Supreme Court nor any state court has applied *Batson* to for-cause dismissals and that "peremptory challenges are quite different from challenges for cause." The supreme court said that "it would be a rare case indeed in which a *Batson* inquiry would be necessary for a challenge for cause." *Id.* The court further said that "a case may arise in which the facts undoubtedly suggest that the prosecutor has challenged for cause a juror for racially discriminatory reasons, and the trial court has erred in granting the motion." *Id.* But the court also stated that "if a prosecutor has demonstrated

3

that a challenge for cause is necessary, then *a fortiori* the prosecutor has met the standard required for *Batson*," *id.*, and concluded that the defendant had not presented a rare case that caused a *Batson* inquiry to be necessary for a challenge for cause, *id.* at 778. *See generally State v. Riddley*, 776 N.W.2d 419, 431 (Minn. 2009) (citing *Bowers* and rejecting the necessity of a *Batson* challenge to a for-cause dismissal).

We first analyze whether the district court erred by granting the state's for-cause dismissal of B.P. Under Minn. R. Crim. P. 26.02, subd. 5(1), a juror may be challenged for cause if "[t]he juror's state of mind . . . satisfies the court that the juror cannot try the case impartially and without prejudice to the substantial rights of the challenging party." "[T]he challenging party has the burden of proving that the juror expressed a 'state of mind' demonstrating 'actual bias' towards the case or either party." *State v. Munt*, 831 N.W.2d 569, 577 (Minn. 2013). "When a juror expresses such a state of mind, the district court must either excuse the juror for cause" or rehabilitate the juror. *State v. Prtine*, 784 N.W.2d 303, 310 (Minn. 2010) (quotation omitted). "A prospective juror may be rehabilitated" if, after "instructions and additional questions" from the district court, "the juror states unequivocally that he or she will follow the district court's instructions and will set aside any preconceived notions and fairly evaluate the evidence." *Id.* Appellate courts "give deference to the district court's ruling on challenges for cause" because "the question of whether a juror is impartial is a credibility determination." *Id.* Appellate courts review for-cause dismissals for abuse of discretion. *Munt*, 831 N.W.2d at 577.

Gray argues that the district court erred by treating B.P.'s "perceived dishonesty . . . [as] an independent ground for a cause challenge." Although Gray is

4

correct that perceived dishonesty is not a ground listed in Minn. R. Crim. P. 26.02, subd. 5(1), the district court dismissed B.P. because of its concerns about B.P.'s ability to be impartial, not because of B.P.'s perceived dishonesty. A juror's inability to "try the case impartially and without prejudice to the substantial rights of the challenging party" is a ground for a for-cause challenge. Minn. R. Crim. P. 26.02, subd. 5(1).

Gray argues that "[t]he actual bias ground has been narrowly interpreted by the Minnesota Supreme Court" in *Munt*. But *Munt* notes that the supreme court's "review of the district court's determination of juror impartiality is especially deferential." *Munt*, 831 N.W.2d at 576. In *Munt*, the supreme court affirmed the district court's determination that a juror did not express actual bias that would interfere with her impartiality, stating that it "defer[red] to the district court's decision" "[b]ecause the record supports that determination." *Id.* at 579–80. Rather than establishing a narrow interpretation of actual bias, *Munt* confirms an appellate court's deference to a district court's for-cause dismissal.

Here, the record supports the district court's concerns about B.P.'s ability to be impartial. When the prosecutor asked whether any juror had contact with the police in some capacity other than a traffic stop, B.P. did not disclose prior police contacts that culminated in his admissions to possession of drug paraphernalia and giving false information to police. B.P. disclosed that he had police contact through traffic stops and that he disagreed "[a]t least three times" with the reasons for those stops, but he stated that none of the police stops resulted in a warning, a traffic citation, or an arrest. In response to the court's questioning, B.P. disclosed his previous contact with police that

involved a drug charge and also disclosed witnessing his father's contact with police. B.P. could not remember any other contacts with police. Upon further questioning by the prosecutor, B.P. acknowledged his 2008 adjudication for possession of drug paraphernalia and disclosed that he had been adjudicated delinquent in June 2009 for giving false information to police. He stated that he did not disclose his 2009 adjudication for giving false information to police because he "didn't remember."

In deference to the district court's assessment of B.P.'s impartiality, we conclude that the district court did not err by dismissing B.P. for cause. We further conclude that this is not a rare case necessitating a *Batson* inquiry into the state's for-cause challenge.

### *Lifetime registration as predatory offender*

Minnesota Statutes section 243.166, subdivision 2 (2010), requires the district court to "tell the person of the duty to register under this section and that, if the person fails to comply with the registration requirements, information about the offender may be made available to the public through electronic, computerized, or other accessible means." If the district court fails to give the required notice at sentencing, "the assigned corrections agent shall notify the person of the requirements of this section." Minn. Stat. § 243.166, subd. 2.

At Gray's sentencing hearing, the district court noted that Gray has a lifetime registration requirement. Gray argues, and the state concedes, that the district court's statement to Gray at his sentencing hearing—that he is subject to a lifetime registration requirement—was erroneous. But the erroneous statement does not require reversal, remand, or any action by the district court. First, in the court's written sentencing order,

the court checked the box for predatory offender, which is followed by "You shall register as a predatory offender in accordance with Minn. Stat. § 243.166." The language in that order is correct. Second, the duration of registration is imposed by the department of corrections and cannot be modified by the district court or this court. *See* Minn. Stat. § 243.166, subd. 2 ("The court may not modify the person's duty to register in the pronounced sentence or disposition order.").

**Affirmed.**